Filed 6/27/13  P. v. Jasso CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062891 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD238168) |
| DOLORES JASSO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Dolores Jasso pleaded guilty to transporting cocaine (Health & Saf. Code,[1] § 11352, subd. (a); count 1), possessing cocaine for sale (§ 11351; count 2), using a minor to sell or carry cocaine (§ 11353, subd. (b); counts 3, 5, 7), and felony child abuse (Pen. Code, § 273a, subd. (a); counts 4, 6, 8). Jasso admitted special allegations that the conviction for transporting cocaine was not for personal use (Pen. Code, § 1210, subd. (a); count 1), the substance containing cocaine weighed more than four kilograms (§ 11370.4, subd. (a)(2); counts 1, 2), and the substance was or contained at least 28.5 grams of cocaine or at least 57 grams of a substance containing cocaine (Pen. Code, § 1203.073, subd. (b)(1); counts 1, 2). The court told Jasso it would impose a 10-year lid on her sentence in exchange for her guilty plea. The court then sentenced Jasso to prison for 10 years: the upper term of five years for transporting cocaine, and a mandatory five years because the substance containing cocaine weighed more than four kilograms. The court also imposed and stayed the sentence on the count for possessing cocaine for sale, the special allegation that the cocaine weighed more than four kilograms as to count 2, the counts for using a minor to sell or carry cocaine, and the counts for felony child abuse.

Jasso appeals, contending the court abused its discretion when it sentenced her to the upper term of five years because it relied on two improper aggravating factors. Jasso further contends she did not forfeit her right to raise this issue on appeal because her trial

---

[1] Statutory references are to the Health and Safety Code unless otherwise specified.

2

counsel provided ineffective assistance when he failed to object to the court's use of the aggravating factors during the sentencing hearing. We affirm the judgment.

## FACTS

The Drug Enforcement Agency (DEA) intercepted telephone calls between Jasso and someone called Carlitos. Carlitos told Jasso to have her "girls" pick up nine kilograms of cocaine from Tijuana, Mexico and transport it to the United States.

On August 1, 2011, San Clemente checkpoint agents detained Jasso and her two codefendants, Diana Ramos and Lorraine Frias, based on the DEA investigation. Jasso's 17-year-old son was driving a car with Jasso in the passenger seat and Jasso's 10-year-old son in the backseat. Ramos and Frias, Jasso's daughter, were in a car behind Jasso's car. Ramos's one-year old-son and Frias's two-year-old daughter were also in the second car.

Ramos consented to a dog sniff of the second car. The dog alerted agents to bundles of cocaine inside Frias's diaper bag on the floor of the car. Later, agents found more bundles of cocaine inside Frias's purse. The agents found a total of 9.9 kilograms, about 20 pounds, of cocaine. Jasso, Ramos, and Frias were subsequently arrested, and their four children were taken into protective custody by Child Protective Services.

## DISCUSSION

Jasso contends the court abused its discretion by relying on improper factors in aggravation to impose the upper term. Jasso asserts she can raise this issue on appeal even though defense counsel did not object at sentencing because, had counsel objected, there was a reasonable probability of a different outcome. We reject these contentions.

3

# I

## *JASSO FORFEITED HER RIGHT TO RAISE THE ISSUE ON APPEAL*

A defendant forfeits the right to raise an issue on appeal when he or she does not object in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Jasso failed to object when the court imposed the upper term based on aggravating factors. Thus, she forfeited the right to challenge the court's sentencing discretion when it imposed the upper term.

# II

## *THE COURT IMPOSED THE UPPER TERM BASED ON VALID AGGRAVATING FACTORS*

Even if Jasso did not forfeit this issue on appeal, we conclude the court did not abuse its discretion when it imposed the upper term because it used valid aggravating factors. Accordingly, we need not examine Jasso's claim that her counsel provided ineffective assistance when he did not object to two of these factors.

A court may impose the upper term by relying on aggravating factors. (Cal. Rules of Court,[2] rule 4.420.) A court may impose the upper term based on only one aggravating factor. (*People v. Black* (2007) 41 Cal.4th 799, 813.) A factor is "aggravating" if it makes a crime " 'distinctively worse than the ordinary.' " (*Id.* at p. 817.) Aggravating factors include those listed in the sentencing rules and those declared "aggravating" by statute, as well as any other facts that are " 'reasonably related to the decision being made.' " (*Ibid*.) The California Rules of Court list aggravating

---

[2] All rule references are to the California Rules of Court.

4

factors such as whether a defendant induced others to commit the crime, whether the crime involved planning and sophistication, and whether the defendant's prior convictions are either "numerous or of increasing seriousness." (Rule 4.421.)

A

Jasso admits she induced others to participate in the crimes when she gave cocaine to Ramos and Frias to carry across the border. (See Rule 4.421(a)(4).) Jasso also admits she induced others to participate in the commission of the crime when she told her 17-year-old son to drive the scout car to help the second car transport cocaine into the United States. These aggravating factors were sufficient to support the upper term.

B

Jasso contends the court improperly used planning or sophistication (Rule 4.421(a)(8)) as an aggravating factor to impose the upper term. We disagree.

A crime involves planning or sophistication when it is methodically carried out. (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1259; see also *People v. Forster* (1994) 29 Cal.App.4th 1746, 1758-1759 [court imposed upper term for driving a car under the influence of alcohol because defendant engaged in planning when he drove to Mexico for the purpose of drinking alcohol].) The defendant need not be "a particularly sophisticated person" or the mastermind behind the plan. (*Lai, supra,* at p. 1259.)

Here, Jasso engaged in planning when she arranged with Carlitos to have her "girls" pick up the nine kilograms of cocaine in Mexico and transport the drugs back to the United States. She also methodically carried out the plan by using a scout car, children as decoys, and family members to commit the crime.

5

Thus, the court did not abuse its discretion when it imposed the upper term based on planning or sophistication.

C

Jasso further contends the court improperly relied on the "increasing seriousness of prior convictions" as an aggravating factor to impose the upper term. We disagree.

A court may impose the upper term if a defendant's prior convictions are numerous *or* of increasing seriousness. (Rule 4.421(b)(2).) The types of offenses and the statutory ranges of punishment of each prior conviction may determine whether a defendant's prior convictions are of increasing seriousness. (*People v. Black, supra,* 41 Cal.4th at pp. 819-820.) The seriousness of a conviction is determined by whether the new offense subjects a defendant to more punishment than the prior offense based on the law from the same jurisdiction. (*People v. McGee* (2006) 38 Cal.4th 682, 706.)

Jasso's prior convictions are of increasing seriousness based on the types of offenses and the statutory ranges of punishment of each conviction. In 1998, Jasso was convicted in state court of possessing marijuana for sale and was granted summary probation. The statutory sentencing range for possessing marijuana for sale is 16 months, two years or three years. (§ 11359; Pen. Code, § 1170, subd. (h).) In 2003, Jasso was convicted in federal court of possessing more than 1,000 kilograms of marijuana with intent to distribute and was sentenced to 46 months in federal prison with supervised release. The statutory sentencing range for this crime is no less than 10 years in prison. (21 U.S.C. § 841(b)(viii).) The sentencing range for Jasso's current offense is three, four, or five years, which is greater than the range for her first conviction. The federal

6

equivalent sentencing range of the current offense, no less than 20 years in prison, is also greater than her prior federal drug conviction. (*Ibid.*)

Because Jasso's current conviction exposed her to a range of punishment greater than the ranges of punishment she was exposed to by her prior convictions, the court properly relied on the increased seriousness of the offense as an aggravating factor to impose the upper term.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McINTYRE, J.


O'ROURKE, J.


7